UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WHITNEY NATIONAL BANK,

        Plaintiff,

v.                                                 Case No.  8:10-cv-594-T-24 TGW

ACCEND, INC., a Florida corporation,
and JOHN H. COLLINS, individually,

        Defendants.

_____/

## ORDER

This cause comes before the Court on Plaintiff Whitney National Bank's ("Whitney")

motion for summary judgment against Defendants Accend, Inc. ("Accend") and John H. Collins

("Collins").  (Doc. No. 32).  As neither Defendant has filed a response in opposition to the

instant motion, the Court will deem it unopposed and grant Whitney's motion for summary

judgment.

**I.**      **Procedural Background**

On March 3, 2010, Whitney filed an eight-count complaint alleging that Accend

breached four separate promissory notes held by Whitney, and that Collins breached the

guaranty agreements as to each of the promissory notes.  (Doc. No. 1).  On April 14, 2010,

Accend and Collins individually filed their answers and affirmative defenses to the complaint.

(Doc. No. 8-9).

On January 19, 2011, Accend and Collins' attorney, Elena Ketchum, filed a motion

seeking leave to withdraw as counsel for Defendants.  (Doc. No. 17).  The Court granted the

motion to withdraw as counsel.  (Doc. No. 18).  In the order allowing Ketchum to withdraw as

counsel for Defendants, the Court directed Accend to file a notice of appearance of new counsel

by February 22, 2011 as a corporation may appear and be heard only through counsel.  *Id.*  On

February 28, 2011, after neither Defendant had entered a notice of appearance of new counsel,

the Court, on its own motion, entered an order stating that it would consider Collins as

proceeding *pro se* in this matter and that it would entertain a motion for entry of clerk's default

against Accend for its failure to enter a notice of appearance of new counsel.  (Doc. No. 24).  On

March 4, 2011, Whitney filed a motion for entry of clerk's default against Accend (Doc. No. 26),

and on March 8, 2011, the Clerk entered default against Accend (Doc. No. 27).

On March 10, 2011, Whitney filed a motion to compel Collins to answer discovery

requests by Whitney.[1]  (Doc. No. 28).  Collins did not respond to the motion to compel, and on

March 30, 2011, Magistrate Judge Wilson entered an order compelling Collins to provide

responses to Whitney's discovery requests by April 11, 2011.  (Doc. No. 30).  To date, Collins

has failed to respond to Whitney's discovery requests.[2]  (Doc. No. 32 at 1).

On April 11, 2011, Whitney filed the instant motion for summary judgment.  (Doc. No.

32).  Collins' response was due on April 28, 2011; however, Collins did not provide a response

by that date.  On May 9, 2011, the Court entered an order directing Collins to respond to the

---

[1]This motion to compel was referred to Magistrate Judge Thomas G. Wilson.

[2]On April 11, 2011, Whitney filed a motion to strike Collins' answer and affirmative defenses for failure to comply with Magistrate Judge Wilson's order directing Collins to provide responses to Whitney's discovery requests.  (Doc. No. 31).  Because the Court grants Whitney's motion for summary judgment, the Court denies Whitney's motion to strike Collins' answer as moot.

motion for summary judgment by May 16, 2011 and stated that failure to do so would result in the Court considering the motion unopposed. (Doc. No. 34). To date, Collins has not filed a response to the motion for summary judgment, so the Court considers the motion for summary judgment as to Collins unopposed. Additionally, because Clerk's default has been entered against Accend, the Court will consider the instant motion for summary judgment as to Accend as a motion for default judgment.

## II.     Motion for Summary Judgment

### A.     Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Id.*

When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *Id.* In determining whether there is a "genuine" issue, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

**B.      Undisputed Material Facts**

1.      *Accend's Breach of First Renewal Note and Collins' Breach of Guaranty of First Renewal Note (Counts I and II)*

On March 2, 2007, Accend executed and delivered to Whitney a promissory note in the amount of $600,000.00 (the "First Note").  (Aff. at ¶ 3; Exh. A).[3]  On May 10, 2007, Collins entered into a guaranty agreement with Whitney guaranteeing timely payment of all Accend's liabilities and obligations to Whitney.  (Aff. at ¶ 4; Exh. B).  On May 5, 2008, Accend executed and delivered to Whitney a commercial note in the amount of $600,000.00 (the "First Renewal Note"), which renewed and extended Accend's obligation under the First Note.  (Aff. at ¶ 5; Exh. C).  In conjunction with Accend's execution of the First Renewal Note, Collins entered into a guaranty agreement with Whitney guaranteeing timely payment of all Accend's liabilities and obligations to Whitney.  (Aff. at ¶ 6; Exh. D).

Accend defaulted on the First Renewal Note by failing to make payments due on September 5, 2008 and thereafter.  (Aff. at 8).  On February 5, 2009, Whitney sent a letter to Accend and Collins demanding payment of the entire balance of principal, interest, and other amounts due under the First Renewal Note.  (Exh. E).  To date, Accend and Collins have failed to satisfy their obligations under the First Renewal Note.  (Aff. at ¶¶ 10, 14).  Pursuant to the First Renewal Note and Collins' guaranty of the First Renewal Note, Accend and Collins jointly and severally owe Whitney $376,302.81 in principal, plus interest, late charges, and the costs

---

[3]The affidavit cited in this Order is that of L. Tyson Betty, Jr., Vice President of Whitney National Bank.  (Doc. No. 33).  The Exhibits cited in this Order were submitted with Betty's affidavit.  (Doc. No. 33, Exhs. A-N).

incurred in collecting this debt.  *Id.* at ¶¶ 11, 15.

2.  *Accend's Breach of Second Renewal Note and Collins' Breach of Guaranty of Second Renewal Note (Counts III and IV)*

On March 2, 2007, Accend executed and delivered to Whitney a promissory note in the amount of $300,000.00 (the "Second Note").  (Aff. at ¶ 16; Exh. F).  On May 10, 2007, Collins entered into a guaranty agreement with Whitney guaranteeing timely payment of all Accend's liabilities and obligations to Whitney.  (Aff. at ¶ 17; Exh. B).  On May 5, 2008, Accend executed and delivered to Whitney a commercial note in the amount of $175,000.00 (the "Second Renewal Note"), which reduced and modified Accend's obligation under the Second Note.  (Aff. at ¶ 18; Exh. G).  In conjunction with the execution of the Second Renewal Note, Collins entered into a guaranty agreement with Whitney guaranteeing timely payment of all Accend's liabilities and obligations to Whitney.  (Aff. at ¶ 19; Exh. D).

Accend defaulted on the Second Renewal Note by failing to make payments due on September 2, 2008 and thereafter.  (Aff. at ¶ 21).  On February 5, 2009, Whitney sent a letter to Accend and Collins demanding payment of the entire balance of principal, interest, and other amounts due under the Second Renewal Note.  (Exh. H).  To date, Accend and Collins have failed to satisfy their obligations under the Second Renewal Note.  (Aff. at ¶¶ 23, 27).  Pursuant to the Second Renewal Note and Collins' guaranty of the Second Renewal Note, Accend and Collins jointly and severally owe Whitney $170,023.37 in principal, plus interest, late charges, and the costs incurred in collecting this debt.  *Id.* at ¶¶ 24, 28.

3.  *Accend's Breach of Third Note and Collins' Breach of Guaranty of Third Note (Counts V and VI)*

On September 25, 2007, Accend executed and delivered to Whitney a commercial

5

mortgage note in the amount of $665,000.00 (the "Third Note").  (Aff. at ¶ 29; Exh. I).  In

conjunction with the execution of the Third Note, Collins entered into a guaranty agreement with

Whitney guaranteeing timely payment of all Accend's liabilities and obligations to Whitney.

(Aff. at ¶ 30; Exh. J).

    Accend defaulted under the terms of the Third Note by failing to make the installment

payment due on August 25, 2008 and thereafter.  (Aff. at ¶ 32).  On February 5, 2009, Whitney

sent a letter to Accend and Collins demanding payment of the entire balance of principal,

interest, and other amounts due under the Third Note.  (Exh. K).  To date, Accend and Collins

have failed to satisfy their obligations under the Third Note.  (Aff. at ¶¶ 35, 39).  Pursuant to the

Third Note, Accend and Collins jointly and severally owe Whitney $652,761.79 in principal,

plus interest, late charges, and the costs incurred in collecting this debt.  *Id.* at ¶¶ 36, 40.

      4.   *Accend's Breach of Fourth Note and Collins' Breach of Guaranty of*
          *Fourth Note (Counts VII and VIII)*

    On May 5, 2008, Accend executed and delivered to Whitney a commercial mortgage note

in the amount of $250,000.00 (the "Fourth Note").  (Aff. at ¶ 41; Exh. L).  In conjunction with

the execution of the Fourth Note, Collins entered into a guaranty agreement with Whitney

guaranteeing timely payment of all Accend's liabilities and obligations to Whitney.  (Aff. at ¶

42; Exh. D).  On July 16, 2008, Accend executed and delivered to Whitney a note modification

agreement, modifying the terms of the Fourth Note (the "Fourth Note Modification").  (Aff. at ¶

43; Exh. M).

    Accend defaulted on the Fourth Note, as modified by the Fourth Note Modification, by

failing to make payments due on September 5, 2008 and thereafter.  (Aff. at ¶ 45).  On February

5, 2009, Whitney sent a letter to Accend and Collins demanding payment of the entire balance of

principal, interest, and other amounts due under the Fourth Note, as modified by the Fourth Note

Modification.  (Exh. N).  To date, Accend and Collins have failed to satisfy their obligations

under the Fourth Note, as modified by the Fourth Note Modification.  (Aff. at ¶¶ 47, 50).

Pursuant to the Fourth Note, as modified by the Fourth Note Modification, Accend and Collins

jointly and severally owe Whitney $241,472.64 in principal, plus interest, late charges, and the

costs incurred in collecting this debt.  *Id.* at ¶¶ 48, 51.

     **C.**    **Discussion**

     This is a breach of contract case.  Under Florida law, the elements of a breach of contract

claim are: (1) a valid contract; (2) material breach; and (3) damages.  *J.J. Gumberg Co. v. Janis*

*Servs., Inc.*, 847 So. 2d 1048, 1049 (Fla. 4th DCA 2003); *Bland v. Freightliner LLC*, 206 F.

Supp. 2d 1202, 1210 (M.D. Fla. 2002).

     In the instant motion, Whitney urges the Court to grant summary judgment against

Defendants because the undisputed evidence shows that Whitney is entitled to summary

judgment on each count of the Complaint.[4]  Whitney argues that based on its statement of

undisputed facts, the affidavit of Whitney Vice President L. Tyson Betty, Jr., and the exhibits to

Betty's affidavit, Whitney has shown the existence of valid contracts, breaches of those contracts

by Defendants, and damages.  (Doc. No. 32 at 14).  Accordingly, Whitney argues that it is

---

[4]There are eight counts in the Complaint.  Count I is a claim against Accend for breach of the First Renewal Note.  Count II is a claim against Collins for breach of the guaranty of the First Renewal Note.  Count III is a claim against Accend for breach of the Second Renewal Note. Count IV is a claim against Collins for breach of the guaranty of the Second Renewal Note. Count V is a claim against Accend for breach of the Third Note.  Count VI is a claim against Collins for breach of the guaranty of the Third Note.  Count VII is a claim against Accend for breach of the Fourth Note.  Count VIII is a claim against Collins for breach of the guaranty of the Fourth Note.  (Doc. No. 1; Doc. No. 32 at 14).

entitled to summary judgment on each of the eight counts of the Complaint.  Whitney further argues that in granting the motion for summary judgment, the Court should award Whitney the damages it incurred as a result of Defendants' breaches and should find that, pursuant to the terms of the notes and guarantees, Whitney is entitled is entitled to interest, late charges, and the cost of collection, including court fees, service of process fees, and reasonable attorneys' fees. *Id.*

Upon review of the instant motion, the affidavit of L. Tyson Betty, Jr., and the exhibits attached to the affidavit, the Court finds that Whitney has established valid contracts as to each of the eight counts of the Complaint, a breach of those contracts by Defendants, and damages incurred by Whitney as a result of Defendants' breaches.  The Court also finds that pursuant to the terms of the notes and guaranties at issue in this case, Whitney is entitled to be reimbursed by Defendants for late charges, interest, and reasonable attorneys' fees and costs.  Therefore, the Court grants Whitney's motion for summary judgment.

## IV.   Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

1.   Whitney's motion for summary judgment (Doc. No. 32) is GRANTED.

2.   The Clerk is directed to enter judgment in favor of Plaintiff Whitney National Bank and against Defendants Accend, Inc. and John H. Collins. Defendants Accend, Inc. and John H. Collins are jointly and severally liable to Whitney for the following amounts:

   a.   First Renewal Note: $376,302.81 in principal, plus $65,443.32 in interest, plus $852.36 in late charges, for a total of **$442,598.49** on

8

Counts I and II.

b. Second Renewal Note: $170,023.37 in principal, plus $29,669.06 in interest, plus $6,344.27 in late charges, for a total of **$206,036.70** on Counts III and IV.

c. Third Note: $652,761.79 in principal, plus $143,476.22 in interest, plus $8,250.00 in late charges, for a total of **$804,488.01** on Counts V and VI.

d. Fourth Note: $241,472.64 in principal, plus $43,770.36 in interest, plus $4,381.76 in late charges, for a total of **$289,624.76** on Counts VII and VIII.

3. Whitney is entitled to reasonable attorneys' fees and costs incurred in pursuing this case. Whitney is directed to file a motion for reasonable attorneys' fees and costs by July 15, 2011.

4. Whitney's Motion to Strike Defendant John H. Collins' Answer (Doc. No. 31) is DENIED AS MOOT.

5. The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of June, 2011.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge