UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WHITNEY NATIONAL BANK,

      Plaintiff,

v.                                   Case No.  8:10-cv-594-T-24 TGW

ACCEND, INC., a Florida corporation,
and JOHN H. COLLINS, individually,

      Defendants.

_____/

## ORDER

      This cause comes before the Court on Plaintiff's Motion for Attorneys' Fees and Costs. (Doc. No. 37).  Defendants have not filed a response in opposition.  As explained below, the motion is granted in part.

## I.  Background

      This is a breach of contract case, in which Plaintiff alleged that Defendant Accend, Inc. defaulted on four notes and Defendant John Collins defaulted on the corresponding guaranty agreements.  Plaintiff moved for summary judgment on its claims, and the Court granted the motion.  In its summary judgment order, the Court stated that "pursuant to the terms of the notes and guaranties at issue in this case, [Plaintiff] is entitled to be reimbursed by Defendants for . . . reasonable attorneys' fees and costs."  (Doc. No. 35).  In the instant motion, Plaintiff moves for an award of its attorneys' fees and costs.

## II.  Motion for Attorneys' Fees and Costs

      Plaintiff seeks an award of $25,805.40 in attorneys' fees and $767.50 in costs.  With

regard to Plaintiff's request for attorneys' fees, the Court notes that the starting point in

determining reasonable attorneys' fees is the lodestar, which is properly calculated by

multiplying the number of hours reasonably expended on the litigation times a reasonable hourly

rate.  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir.

1988)(citation omitted).  Furthermore, "[t]he fee applicant bears the burden of establishing

entitlement and documenting the appropriate hours and hourly rates."  Id. at 1303 (citation

omitted).

        A reasonable hourly rate is based upon "the prevailing market rate in the relevant legal

community for similar services by lawyers of reasonably comparable skills, experience, and

reputation."  Id. at 1299 (citations omitted).   An applicant may meet its burden of establishing a

reasonably hourly rate by setting forth direct evidence of rates charged under similar

circumstances or submitting opinion evidence of reasonable rates.  See id.  In addition, the Court

may use its own expertise and judgment to make an appropriate independent assessment of the

reasonable value of an attorney's services.  See id. at 1304.  In calculating what hours were

reasonably expended on litigation, the court should exclude excessive, unnecessary, and

redundant hours, and it should also exclude any time spent litigating discrete and unsuccessful

claims.  See id. at 1301, 1302 (citation omitted).

        Plaintiff's request for attorneys' fees is based upon the following attorneys' billing rates

and hours expended on this case: (1) Attorney Shwayri worked 25.9 hours on the case, and her

hourly billing rate was $280 per hour; (2) Attorney Morelli worked .4 hours on the case, and her

hourly billing rate was $170 per hour; and (3) Attorney McLeroy worked 44.1 hours on the case,

and her hourly billing rate was $419.17 per hour.  Upon review of the amount of time expended

by each attorney, the Court finds that the hours billed were reasonable.  However, the Court finds that the hourly rates charged by attorneys Shwayri and McLeroy must be reduced, as explained below.

Shwayri is a former law clerk and an associate in her law firm.  She has been an attorney for seven years.  Her current billing rate is $280 per hour.  However, the Court finds that based on its own expertise and judgment, her reasonable hourly rate should be reduced to $250 per hour in order to reflect the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.

McLeroy is a shareholder in her law firm and has been a practicing attorney for twenty one years.  She practices exclusively in the field of commercial litigation.  Her current billing rate is $419.17 per hour.  However, the Court finds that based on its own expertise and judgment, her reasonable hourly rate should be reduced to $350 per hour, in order to reflect the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.

Thus, the Court finds that the amount of attorneys' fees requested should be reduced to $21,978 based on the following hourly rates and hours expended:

| Attorney | Reasonable Hourly Rate | Hours Reasonably Expended | Amount of Attorneys' Fees to Be Awarded |
|---|---|---|---|
| Shwayri | $250 | 25.9 | $6,475 |
| Morelli | $170 | .4 | $68 |
| McLeroy | $350 | 44.1 | $15,435 |
| **TOTAL** | | **70.4** | **$21,978** |

Plaintiff also seeks $767.50 in costs.  This amount consists of the following costs: (1) $200 for service of process, (2) $217.50 for mediation, and (3) $350 for the filing fee.  Upon review, the Court finds that all of these costs are reasonable and shall be awarded.

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Attorneys' Fees and Costs (Doc. No. 37) is **GRANTED TO THE EXTENT THAT** Plaintiff is awarded $21,978.00 in attorneys' fees and $767.50 in costs.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of October, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties & Counsel of Record

4